Per Curiam.

To a certain extent, the rights of a party may be concluded by the acts of his attorney, and he cannot always shelter himself under the defence here set up. If the plaintiff in this case, had proceeded in such.a manner as to take the defendant by surprise,; and. his attorney, supposing that no inquest would be taken Until the replication was filed, had, from, this cause, neglected to interpose his defence; then, as the defendant has sworn to a good defence upon the merits, the court would, as a matter of course, deny this application, and set aside the inquest. But here the defendant’s attorney admits that he was not surprised; on the contrary, he avers, that he lay by for the purpose of taking advantage of the inadvertence .on the part of the plaintiff’s attorney, relative to the replication. As the plea, under our practice, In a case like the present, is a mere matter of form, the court would allow the replication to be filed nunc pro tunc, were it not that the defendant , has sworn to merits. The court will not deprive him of his rights, for.the misconduct of his attorney; but as the' attorney is his agent in the cause, the court will connect them together to a certain extent. The power of the court over the whole matter is undoubted, and if they deny the application, it may be' upon such terms as they- see fit to impose. The application, under the circumstances of the case, must be denied, but the court direct that the defendant shall pay all the costs of the inquest, and of this motion, as the terms upon *547 which the application is denied ; otherwise the plaintiff’s attorney has leave to file his replication nunc pro tunc, and thus perfect his judgment.